**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**EMILIANO CRESPO MARTINEZ,**

*Petitioner*,

v. Case No. 2:26-cv-03475-BCL-tmp

**CHRISTOPHER BULLOCK,** New Orleans Field Office Director of Immigration and Customs Enforcement; Enforcement and Removal Operations.

*Respondent*.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Emiliano Crespo Martinez has filed a Petition for Writ of Habeas Corpus by which he challenges his immigration detention without a bond hearing as violative of the constitution and statutory law. Doc 1 at 3. For the reasons that follow, the Petition is **DENIED**.

**A.** Petitioner has failed to exhaust his administrative remedies. Respondent notes that to date, Petitioner "has not made a bond request or a custody determination request with the immigration court." Doc. 7 at 4. Petitioner does not argue otherwise. Doc. 10 at 7. So, Petitioner is asking this Court to step in in the first instance and order him released, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. Doc. 1 at 6. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v.*

*Madigan*, 503 U.S. 140, 144 (1992). While exhaustion is prudential in this context, exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

**B.** Petitioner has put forward no argument that would justify dispensing with exhaustion here. Petitioner points to many of the facts he claims would support bond—e.g., family support, community ties, employment history—but that is no more than an attempt to improperly substitute this court for the Executive Branch decisionmaker, which is an approach that would render prudential exhaustion toothless. And while Petitioner argues without citation that the Memphis Immigration Court rejects release on grounds he feels are inadequate ("minor discrepancies" and too-high bond), these unsupported, drive-by allegations do not warrant dispensing with exhaustion, under which "the crucial inquiry [is] whether the agency can provide the relief requested if the argument succeeds, not whether it is likely to succeed." *Smith v. United States Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) (emphasis added). And certainly,

mere claims of pretext without actual support cannot warrant excusing exhaustion; to hold otherwise would be inconsistent with the presumption of regularity to which the politically accountable Executive Branch is rightly entitled. *See Acevedo-Solis*, 2026 WL 2137955, at *2.

**C.** Finally, Petitioner argues that the Court should exercise discretion to retain jurisdiction for the purpose of micromanaging the administrative process. Doc. 8 at 1, 6-7. Petitioner does not substantiate his seeming distrust of the coequal branch of Government he asks the Court to superintend, a point only underscored by the presumption of good faith to which that coequal branch is entitled. As the Court earlier noted, prudential exhaustion exists in part to protect the separation of powers; the Court will not subvert that purpose by retaining jurisdiction to superintend the Executive Branch at the behest of a litigant who attempted to bypass it.

## CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk **SHALL** close this case.

**IT IS SO ORDERED**, this 25th day of November, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE